UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

MARTIN J. WALSH, Secretary of Labor,
United States Department of Labor,

                Plaintiff,

v.

NANARD ENTERPRISES, INC. d/b/a
WESTWOOD CAR WASH; OILUBE R WE,
INC. d/b/a 10-MINUTE OIL LUBE; BERNARD
TORRACO, Individually and as Officer; NANCY
TORRACO, Individually and as Officer; and
ANTON MUSTO, Individually,

                Defendants.

---

Civil Action No.

2:20-cv-03914-MCA-MAH

## CONSENT JUDGMENT

1.     Plaintiff MARTIN J. WALSH, Secretary of Labor, United States Department of Labor ("Plaintiff"), filed his complaint alleging that Defendants violated sections 6, 7, and 11(c) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) (the "Act" or "FLSA") by failing to pay their employees minimum wages and overtime wages, and by failing to make, keep, and preserve adequate and accurate records.

2.     Defendants NANARD ENTERPRISES, INC. d/b/a WESTWOOD CAR WASH, OILUBE R WE, INC. d/b/a 10-MINUTE OIL LUBE and OLD HOOK CAR WASH, BERNARD TORRACO, Individually and as Officer, NANCY TORRACO, Individually and as Officer, and ANTON MUSTO, Individually ("Defendants") appeared by Counsel, filed their Answer and agree to entry of this Consent Judgment without contest.

3.     Defendants acknowledge that they have notice of and understand the provisions of this Consent Judgment; acknowledge their responsibilities pursuant to this Consent Judgment; and

acknowledge that they may be subject to sanctions in contempt of this Court and may be subject to punitive damages if they fail to comply with the provisions of this Consent Judgment. This Consent Judgment hereby resolves all remaining claims in this matter.

4.  Defendants agree that they are a covered enterprise under sections 3(r) and 3(s) of the Act and that the provisions of the Act apply to Defendants.

5.  Defendants Bernard Torraco, Nancy Torraco, and Anton Musto agree that they are employers under section 3(d) of the Act and that the provisions of the Act apply to them.

6.  Defendants submit to the jurisdiction of this Court over them and over the subject matter of this action. Defendants admit that this Court has the authority to enter and enforce this Order and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Consent Judgment.

It is, therefore, upon motion of the attorneys for Plaintiff and for cause shown ORDERED that:

I.  Defendants, their officers, employees, agents, and all persons acting or claiming to act on and in Defendants' behalf and interest, be, and hereby are, permanently enjoined and restrained from violating the provisions of sections 6, 7, 11(c), 15(a)(2), 15(a)(3) and 15(a)(5) of the Act, in any of the following manners:

   (1)  Defendants shall not, contrary to section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which may in the future become, applicable under section 6 of the Act.

(2) Defendants shall not, contrary to section 7 of the Act, employ any of their employees in any workweek for workweeks longer than the hours now, or which in the future become, applicable under sections 7 and 15(a)(2) of the Act, unless the employees receive compensation for their employment in excess of the prescribed hours at rates not less than one and one-half times the employees' regular rates.

(3) Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the Regulations issued pursuant to sections 11(c) and 15(a)(5) of the Act and found at 29 C.F.R. Part 516.

(4) Defendants, along with their officers, agents, and managers, shall not tell any of their employees not to speak to representatives of the U.S. Department of Labor, or tell any of their employees to provide untruthful information to the U.S. Department of Labor regarding the terms or conditions of their employment, or otherwise obstruct or interfere with any investigative activities of the U.S. Department of Labor.

(5) Defendants shall not discharge or take any retaliatory action against any employee because the employee engages in, or is believed to have engaged in, any of the following activities:

    (a) Discloses, protests, or threatens to disclose or protest to a supervisor or to a public agency any activity, policy, or practice of Defendants, or another employer with whom there is a business relationship, that the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act;

    (b)    Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or regulation promulgated pursuant to the Act, by Defendants or another employer with whom there is a business relationship; or

    (c)    Objects to, or refuses to participate in any activity, policy or practice of Defendants or another employer with whom there is a business relationship that the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act.

II.    Upon the parties' agreement that unpaid overtime back wages are owed and shall be paid to the current and former employees listed in Exhibit A,[1] which is attached hereto, in the amount of $162,500.00, plus an equal additional amount of liquidated damages of $162,500.00, for a total amount of **$325,000** in back wages and liquidated damages, it is:

ORDERED that Defendants and all persons acting on their behalf are enjoined and restrained from withholding the payment of $162,500.00 in unpaid minimum wage and overtime compensation due Defendants' current and former employees listed in Exhibit A. It is further ORDERED that Defendants shall pay $162,500.00 in liquidated damages due Defendants' current and former employees listed in Exhibit A. These payments shall be made by Defendants in accordance with Paragraph III of this Consent Judgment.

---

[1] The parties stipulate to amending Exhibit A, attached to the Complaint, as set forth in Exhibit A herein.

4

III.     The provisions of this Consent Judgment relative to back wage payments and liquidated damages shall be deemed satisfied when Defendants fully comply with the payment terms set forth below:

(1)     Payment of all moneys owed shall be made within 30 days of entry of this Consent Judgment. This payment shall be paid by Defendants by credit card, debit card, or bank account transfer by going to www.pay.gov and completing the following steps:

- (a) Go to https://www.pay.gov/public/form/start/77689032, and then:
  - (i) Select "Continue to the Form" and complete the required fields;
  - (ii) The "BW Case Number" is Case No. 1884511;
  - (iii) The "Date of Assessment" is the date of the Order;
  - (iv) The "Payment Amount" is $150,381.12; and
  - (v) Submit this payment.
- (b) Return to https://www.pay.gov/public/form/start/77689032, and then:
  - (i) Select "Continue to the Form" and complete the required fields;
  - (ii) The "BW Case Number" is Case No. 1886615;
  - (iii) The "Date of Assessment" is the date of the Order;
  - (iv) The "Payment Amount" is $174,618.88; and
  - (v) Submit this payment.

IV.     The Plaintiff shall distribute Defendants' back wage and liquidated damages payments, including interest and less any legal deductions, to the former and current employees,

or to their estates, as set forth in Exhibit A. Any amounts of unpaid compensation and liquidated damages not distributed within a period of three years from the date of receipt shall, pursuant to section 16(c) of the Act, be deposited into the Treasury of the United States as miscellaneous receipts. Defendants remain responsible for paying the employer's share of any applicable taxes to the appropriate state and federal revenue authorities.

V. Within twenty (20) calendar days of the date of entry of this Order, Defendants shall provide to Plaintiff the social security numbers, if such is available, and all last known telephone numbers, email addresses and mailing addresses of each employee named in Exhibit A.

VI. Defendants, and anyone acting on their behalf, shall not in any way directly or indirectly demand, require, or accept any of the back wages, liquidated damages, or interest from any person listed in Exhibit A or from their personal representatives or estates. Defendants, and anyone acting on their behalf, shall not threaten or imply that adverse action will be taken against any person because of their receipt of funds due under the provisions of this Consent Judgment or the Act. Violation of this Paragraph VI may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

VII. ORDERED that Defendants shall post the attached Exhibit B in English and Spanish at each of the Defendants' establishments: Westwood Car Wash, located at 20 Lake Street, Westwood, New Jersey 07675; 10-Minute Oil Lube, located at 148 Bergenline Avenue, Westwood, New Jersey 07675; and Old Hook Car Wash, located at 351 Old Hook Road, Westwood, New Jersey 07675. Defendants shall display Exhibit B where employees may easily view it within 30 days of the date of entry of this Consent Judgment and shall maintain Exhibit B in a conspicuous place at each of the Defendants' establishments: Westwood Car Wash, located at 20 Lake Street, Westwood, New Jersey 07675; 10-Minute Oil Lube, located at 148 Bergenline

Avenue, Westwood, New Jersey 07675; and Old Hook Car Wash, located at 351 Old Hook Road, Westwood, New Jersey 07675.

VIII. If Defendants fail to make the payment as required by Paragraph III, a seven calendar-day grace period shall be allowed for receipt of such payment. In the event that the U.S. Department of Labor does not receive the payment by the eighth calendar day after which it is due, the U.S. Department of Labor's representatives will notify Defendants through their attorneys, John R. Vreeland and Leonard S. Spinelli, by email at jvreeland@genovaburns.com and lspinelli@genovaburns.com. Defendants are responsible for timely notifying the U.S. Department of Labor of any change in the identity or contact information of their attorney. If the U.S. Department of Labor does not receive payment within 10 days of notifying Defendants' attorney of the overdue payment, then the total amount due under this Judgment of $325,000.00, plus post-judgment interest, less any amounts already received by the Secretary pursuant to this Consent Order, shall become due immediately and the Court will appoint a Receiver. No action or non-action by the Secretary shall constitute a waiver of this paragraph.

    (1)    In the event a Receiver is appointed, it is ORDERED that:

        (a)    Defendants shall cooperate with the Receiver in all respects, and shall provide to the Receiver any and all information that the Receiver may require to carry out its appointment and in accordance with the authority given to the Receiver pursuant to applicable law at the time of appointment.

        (b)    All the expenses of the accountant or Receiver shall be borne solely by Defendants.

  (c) If the Court appoints a Receiver, the Receiver shall serve until the full payment of the monetary terms of this Consent Judgment are satisfied.

  (d) The Receiver shall have full authority to: collect Defendants' assets and report his/her findings to the Court and the parties; redeem and/or liquidate Defendants' assets and turn over the proceeds to Plaintiff; if the asset is a debt that is due, collect it and turn over the proceeds to Plaintiff; analyze all indebtedness and where deemed appropriate seek restructuring; analyze all transfers of Defendants' assets; prevent waste or fraud; and do all acts and take all measures necessary or proper for the efficient performance of Defendants' duties under this Consent Judgment.

IX. For oil change technicians who are paid commissions, non-discretionary bonuses, or other such amounts for services provided or goods sold, Defendants agree to undertake the proper calculation of the regular rate for overtime purposes in a manner consistent with the requirements of 29 C.F.R. Part 778.

X. Neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of Defendants not listed in Exhibit A of this Consent Judgment, be they current or former employees, to file any action against any of Defendants under section 16(b) of the Act, or likewise for any current or former employee listed in Exhibit A of this Consent Judgment to file any action against any of Defendants under section 16(b) of the Act for any violations alleged to have occurred after June 30, 2021.

XI.   Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

XII.   The Court retains jurisdiction over this matter for the purposes of enforcing this Consent Judgment.

DATED: _____, 2021
Newark, New Jersey

SO ORDERED:

_____
HONORABLE MADELINE COX ARLEO
UNITED STATES DISTRICT JUDGE

Defendants have appeared by their undersigned counsel and hereby consent to the entry of this Consent Judgment.

NANARD ENTERPRISES, INC. d/b/a WESTWOOD CAR WASH

BY: _____   DATE: 8/26/21
    BERNARD TORRACO
    Owner

BY: _____   DATE: 8/26/21
    NANCY TORRACO
    Owner

OILUBE R WE, INC. d/b/a 10-MINUTE OIL LUBE and OLD HOOK CAR WASH

BY: _____   DATE: 8/26/21
    BERNARD TORRACO
    Owner

BY: _____   DATE: 8/26/21
    NANCY TORRACO
    Owner

_____   DATE: 8/26/21
BERNARD TORRACO, Individually

_____   DATE: 8/26/21
NANCY TORRACO, Individually

_____   DATE: 8/26/21
ANTON MUSTO, Individually

10

*Leonard Spinelli* (signature)
Leonard S. Spinelli, Esq.
John R. Vreeland, Esq.
GENOVA BURNS LLC
494 Broad Street
Newark, NJ 07102
P: (973) 533-0777
F: (973) 633-1112
LSpinelli@genovaburns.com
JVreeland@genovaburns.com

DATE: 8/26/2021

*Attorneys for Defendants*

STATE OF New Jersey )
:SS:
COUNTY OF Bergen )

On the 26 day of August 2021 before me came BERNARD TORRACO, to me known, who, being by me duly sworn, did depose and say that he is a duly authorized officer of NANARD ENTERPRISES, INC., described in and which executed the foregoing instrument, that he signed his name thereto by like order.

_____
NOTARY PUBLIC

STATE OF New Jersey )
:SS:
COUNTY OF Bergen )

TIMOTHY F. HAMPTON
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 4/20/2022

On the 26 day of August 2021 before me came NANCY TORRACO, to me known, who, being by me duly sworn, did depose and say that she is a duly authorized officer of NANARD ENTERPRISES, INC., described in and which executed the foregoing instrument, that she signed her name thereto by like order.

_____
NOTARY PUBLIC

TIMOTHY F. HAMPTON
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 4/20/2022

11

STATE OF New Jersey ) 
:SS: 
COUNTY OF Bergen )

On the 26 day of August 2021 before me came BERNARD TORRACO, to me known, who, being by me duly sworn, did depose and say that he is a duly authorized officer of OILUBE R WE, INC., described in and which executed the foregoing instrument, that he signed his name thereto by like order.

_____
NOTARY PUBLIC

TIMOTHY F. HAMPTON
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 4/20/2022

STATE OF New Jersey )
:SS:
COUNTY OF Bergen )

On the 26 day of August 2021 before me came NANCY TORRACO, to me known, who, being by me duly sworn, did depose and say that she is a duly authorized officer of OILUBE R WE, INC., described in and which executed the foregoing instrument, that she signed her name thereto by like order.

_____
NOTARY PUBLIC

TIMOTHY F. HAMPTON
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 4/20/2022

STATE OF New Jersey )
:SS:
COUNTY OF Bergen )

On the 26 day of August 2021 before me came BERNARD TORRACO, to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

TIMOTHY F. HAMPTON
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 4/20/2022

12

STATE OF New Jersey ) 
:SS:
COUNTY OF Bergen )

On the 26 day of August 2021 before me came NANCY TORRACO, to me known and known to me to be the individual described in and who executed the foregoing instrument and she duly acknowledged to me that she executed the same.

_____
NOTARY PUBLIC

TIMOTHY F. HAMPTON
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 4/20/2022

STATE OF New Jersey )
:SS:
COUNTY OF Bergen )

On the 26 day of August 2021 before me came ANTON MUSTO, to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

TIMOTHY F. HAMPTON
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 4/20/2022

13

## EXHIBIT A

|    | Employee Name | Back Wages | Liquidated Damages |
|----|---|---|---|
| 1  | Leonardo Alfaro | $3,462.20 | $3,462.20 |
| 2  | Johnny Azofeifa | $2,228.91 | $2,228.91 |
| 3  | Duke Beckford | $9,157.40 | $9,157.40 |
| 4  | Juan Barrantes Rodriguez | $2,957.94 | $2,957.94 |
| 5  | Chris Beattie | $406.71 | $406.71 |
| 6  | Andy Bello | $286.77 | $286.77 |
| 7  | Erick Bello | $10,099.89 | $10,099.89 |
| 8  | Esteban Bello | $6,866.08 | $6,866.08 |
| 9  | Ruperto Bello | $7,503.14 | $7,503.14 |
| 10 | German Celdo | $6,758.98 | $6,758.98 |
| 11 | Hector Garcia | $1,117.09 | $1,117.09 |
| 12 | Felix Guzman | $14,284.39 | $14,284.39 |
| 13 | Miguel Guzman | $17,831.42 | $17,831.42 |
| 14 | Jarrett Humphrey | $850.96 | $850.96 |
| 15 | Noe Herrera Ramirez | $13,118.82 | $13,118.82 |
| 16 | Jake Lopez | $592.18 | $592.18 |
| 17 | Marilyn Kellett | $6,125.92 | $6,125.92 |
| 18 | James M. | $160.11 | $160.11 |
| 19 | Ruben Martinez | $10,513.76 | $10,513.76 |
| 20 | Miguel P. | $5,234.99 | $5,234.99 |
| 21 | Martin Perez | $3,951.93 | $3,951.93 |
| 22 | Francisco R. | $672.03 | $672.03 |
| 23 | Hector R. | $5,771.63 | $5,771.63 |
| 24 | Miguel Rivera Mendez | $286.89 | $286.89 |
| 25 | Salvatore Roque | $819.24 | $819.24 |
| 26 | Rotell Stewart | $71.78 | $71.78 |
| 27 | Felipe Sanchez | $5,175.97 | $5,175.97 |
| 28 | Carlos Segura | $1,861.43 | $1,861.43 |
| 29 | Frank T. | $34.43 | $34.43 |
| 30 | Jason T. | $286.93 | $286.93 |
| 31 | Willie Thomas | $822.43 | $822.43 |
| 32 | Ramon Tobon | $1,574.54 | $1,574.54 |
| 33 | Marian Valverde | $4,542.26 | $4,542.26 |
| 34 | Jennifer Wescott | $1,817.12 | $1,817.12 |
| 35 | Arnoldo (last name unknown) | $1,861.43 | $1,861.43 |
| 36 | Fernando (last name unknown) | $187.96 | $187.96 |
| 37 | Hazel (last name unknown) | $1,510.75 | $1,510.75 |

|    | Employee Name               | Back Wages  | Liquidated Damages |
|----|-----------------------------|-------------|--------------------|
| 38 | Jenny (last name unknown)   | $1,549.88   | $1,549.88          |
| 39 | Johander (last name unknown)| $717.21     | $717.21            |
| 40 | Julio (last name unknown)   | $329.02     | $329.02            |
| 41 | Mayra (last name unknown)   | $2,703.51   | $2,703.51          |
| 42 | Omar (last name unknown)    | $453.68     | $453.68            |
| 43 | Rene (last name unknown)    | $2,704.43   | $2,704.43          |
| 44 | Victor (last name unknown)  | $1,617.72   | $1,617.72          |
| 45 | Walter (last name unknown)  | $1,618.14   | $1,618.14          |

## **EXHIBIT B**

### **Notice to Employees - English**

Bernard Torraco, Nancy Torraco, Anton Musto, Nanard Enterprises, Inc., and Oilube R We, Inc. (together, "the Defendants") have settled a lawsuit with the U.S. Department of Labor and entered into a settlement agreement pertaining to their employees. The settlement agreement has been approved by a judge and pertains to the following establishments:

- Westwood Car Wash: 20 Lake Street, Westwood, New Jersey 07675;
- 10-Minute Oil Lube: 148 Bergenline Avenue, Westwood, New Jersey 07675; and
- Old Hook Car Wash: 351 Old Hook Road, Westwood, New Jersey 07675.

Under the settlement agreement, the Defendants will pay the U.S. Department of Labor back wages for certain current and former employees who worked at their establishments from April 10, 2018 through June 30, 2021, and the Department of Labor will distribute the back wages directly to the employees.

You have the right to receive the full amount of any back wages (after taxes) and liquidated damages you are owed. It is against the law for any of the Defendants, or any person acting on their behalf, to ask for this money back or ask you to give up your current or future wages to get money from the settlement.

You are protected by the Fair Labor Standards Act (FLSA), and it is also against the law for your employer to fire you, report you to immigration, retaliate against you in any way, or threaten to do any of these things for accepting settlement money or refusing to return any money paid to you as part of the settlement with the U.S. Department of Labor. Your employer is also prohibited from retaliating against you for providing information to the U.S. Department of Labor and/or complaining about not receiving minimum wage or overtime for the hours that you worked. Your employer must pay employees for all hours worked, including overtime for all hours worked over 40 in a workweek at a rate of at least 1.5 times the employee's regular rate of pay.

If you are an employee and are not paid for all of your hours worked, are not paid minimum wage for all the hours you work, are not paid overtime, if you have been asked to return your settlement money, if you have been retaliated against, or if you need to update your contact information, please call the U.S. Department of Labor at (908) 389-5458. Your name will be kept confidential to the maximum extent permitted by law.

## Aviso a los Empleados - Español

Bernard Torraco, Nancy Torraco, Anton Musto, Nanard Enterprises, Inc., y Oilube R We, Inc. (juntos, "los Demandados") resolvieron una demanda con el Departamento de Trabajo de los Estados Unidos y firmaron un acuerdo de liquidación perteneciente a sus empleados. El acuerdo ha sido aprobado por un juez y es perteneciente a los siguientes establecimientos:

- Westwood Car Wash: 20 Lake Street, Westwood, New Jersey 07675;
- 10-Minute Oil Lube: 148 Bergenline Avenue, Westwood, New Jersey 07675; y
- Old Hook Car Wash: 351 Old Hook Road, Westwood, New Jersey 07675.

Según el acuerdo, los Demandados pagaran al Departamento de Trabajo de los Estados Unidos salarios atrasados para ciertos empleados actuales y anteriores que trabajaron en sus establecimientos desde el 10 de abril del 2018 hasta el 30 de junio del 2021, y el Departamento de Trabajo distribuirá los salarios atrasados directamente a los empleados.

Usted tiene derecho a recibir el monto completo de los salarios retrasados (menos impuestos) y daños y perjuicios que se le deben. Es contra la ley que los Demandados o cualquier persona que actúe en nombre de los Demandados soliciten la devolución del dinero o que se lo reduzcan de su pago actual o futuro para obtener dinero distribuido bajo el acuerdo.

La Ley de Normas Justas de Trabajo protege a empleados, y también es contra la ley que su empleador lo despida, amenace con despedirlo, o que llamen a las autoridades policiales o de inmigración, que tomen represalias contra usted de cualquier otra manera, o amenazar con hacer cualquiera de estas cosas por aceptar el dinero del acuerdo o por rehusar la devolución del dinero que usted recibe como parte del acuerdo con el Departamento de Trabajo. También es en contra de la ley que sus empleadores tomen represalias contra usted porque usted ha proporcionado información al Departamento de Trabajo y/o porque usted se ha quejado por no recibir el salario mínimo o el pago correspondiente de sobretiempo por sus horas trabajadas. Su empleador necesita pagar a sus empleados por todas las horas trabajadas, incluyendo pago adicional equivalente a tiempo y medio por horas extras trabajadas sobre 40 en una semana laboral.

Si usted es un empleado y no se le ha pagado por todas sus horas trabajadas, si no se le ha pagado el salario mínimo por todas sus horas trabajadas, si no se le ha pagado un monto adicional equivalente a tiempo y medio por horas extras trabajadas sobre 40 en una semana laboral, si se le ha pedido que devuelva el dinero de su liquidación bajo el acuerdo, si se le ha tomado algún tipo de represalia, o si necesita actualizar su información de contacto, por favor comuníquese con el Departamento de Trabajo de los Estados Unidos llamando al (908) 389-5458. Su identidad se mantendrá confidencial en la medida permitida por la ley.